IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| W.G. HAYS & ASSOCIATES, LLC, )<br>in its capacity as receiver for )<br>PREMIER UTILITIES & )<br>SERVICES, INC., )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>WIRES UNDERGROUND )<br>CONSTRUCTION, INC.; ERNIE )<br>WIRES; and CINCINNATI )<br>INSURANCE COMPANY, )<br>)<br>    Defendants. ) | CIVIL ACTION FILE<br><br>NO. 2:10-cv-0015<br><br>JURY DEMAND<br><br>JUDGE ECHOLS<br><br>MAGISTRATE JUDGE GRIFFIN |

## CASE MANAGEMENT ORDER

COMES Plaintiff W.G. Hays & Associates, LLC, as the duly appointed Receiver for Premier Utilities & Services, Inc. ("Plaintiff"), and Defendants Wires Underground Construction, Inc., Ernie Wires and Cincinnati Insurance Company (collectively, "Defendants") and hereby submit the following proposed case management order:

1. **Jurisdiction:**

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1332 because this dispute involves citizens of different states, and the matter in controversy,

exclusive of interest and costs, exceeds $75,000. The Court's jurisdiction is not disputed. All Defendants have been served and have filed responsive pleadings.

2. **Theories of the Case and Defenses:**

**Plaintiff:** Plaintiff is a court-appointed Receiver for Premier Utilities & Service, Inc. ("Premier"). On or about July 8, 2008, Premier entered into an Open Account Agreement (the "Agreement") to allow Defendant Wires Underground Construction, Inc. ("Wires") to purchase pipe and other construction equipment from Premier. The Agreement specified that any goods sold under the Agreement were sold "as is" and "with all faults" and specifically disclaimed all express and implied warranties. Wire's president, Defendant Ernie Wires, signed a personal guaranty, guarantying payment to Premier under the Agreement.

Pursuant to the Agreement, Wires purchased over $250,000.00 worth of pipe and other materials from Premier for the installation of certain transmission lines for Fentress County, Tennessee (the "Project"). Defendant Cincinnati Insurance Company issued a Payment Bond for the Project, agreeing to pay for any unpaid invoices for the Project.

Premier has properly billed Wires in the amount of $257,348.32 for the materials provided for the Project, but Wires and its president, Ernie Wires, have refused to pay any amounts to Premier. Further, although Premier notified it of

2

Wires' default, Defendant Cincinnati Insurance Company has refused to pay under the Payment Bond. Plaintiff has therefore brought this suit against Defendants for breach of contract, suit on an account stated, and unjust enrichment. Defendants seek $257,348.32 plus contractual interest and attorneys' fees.

**Defendants:**

<u>Defendants Wires Underground Construction, Inc. and Ernie Wires:</u>

Plaintiff delivered to Defendants piping to be used in the construction and installation of a 12-inch water pipeline in Fentress County. When this piping was delivered to the Defendants, portions of the piping were rejected by the Defendants and requested to be removed from the job site and returned to their manufacturing site due to failure to be inspected properly and stamped. Defendants were later informed by a former employee of Plaintiff that instead of returning the pipe to the manufacturing site, the pipe was taken by Plaintiff or its agents to a vacant parking area, stamped without being inspected and returned to the job site and presented as stamped and inspected pipe.

Defendants were not informed of the potentially defective piping and materials provided by the Plaintiff until after a significant portion of the piping had already been installed. While installing the piping provided to the Defendants by the Plaintiffs, Plaintiff's product has been found to be defective as it has split, been

3

found to contain deformities and crack and roll gaskets while being filled with water.

Defendants have brought a Counter-Complaint against the Plaintiff for negligent, fraudulent and intentional misrepresentation for selling pipe to the Defendants that they knew to be non-inspected and defective and/or should have known that the pipe was delivered to Defendants without being inspected. Defendants have also brought suit against the Plaintiff for unfair or deceptive acts for taking actions to conceal the non-inspection of the pipe and for breaching their duty to make the non-inspection known to the Defendants. Defendants seek to have all claims made against them dismissed, $300,000.00 in compensatory damages, $50,000.00 in punitive damages and attorney's fees.

Defendant Cincinnati Insurance Company:

As Wires' surety, Cincinnati is entitled to rely upon any defense, counter-claim, and/or setoff that Wires has asserted, or could assert, against Premier, including the counter-claims asserted in Wires' Answer and Counter-Complaint (Doc. No. 13). Furthermore, Cincinnati's liability is governed and limited by the terms of the payment bond it issued on behalf of Wires, and Premier seeks to recover damages (such as 1.5% interest on sums allegedly owed by Wires) that are not covered by the payment bond as a matter of law.

3. **Target Trial Date and projected length of trial:**

The Parties propose the trial of this matter take place in February 2011. The Parties currently expect the trial to take 3-4 days.

4. **Amendments and Additional Parties:**

All motions under Fed. R. Civ. P. 13, 14, and 17 through 21 shall be filed by June 30, 2010.

5. **Discovery and Dispositive Motions:**

The parties have agreed to the following deadlines regarding discovery:

Initial Disclosures required by Fed. R. Civ. P. 26(a)(1) shall be exchanged by June 7, 2010.

Expert Reports required by Fed. R. Civ. P. 26(a)(2) shall be exchanged by August 16, 2010.

Any rebuttal expert reports shall be exchanged by September 15, 2010.

All fact discovery shall be completed by September 15, 2010.

Dispositive Motions, if any, shall be filed by September 30, 2010.

All expert discovery shall be completed by October 15, 2010.

The Parties currently do not expect a need for a protective order. The parties similarly do not currently see a need for any electronic documents to be produced in native format.

6. **Settlement and Alternative Dispute Resolution:**

The Parties have agreed to have a settlement conference and/or mediation on or before June 30, 2010.

7. **Additional Hearings Before the Case Management Judge.:**

At this time there are no issues that are ready to be set for a hearing before the Magistrate Judge. The parties do not consent to trial by the Magistrate Judge.

8. **Other Matters.:**

At this time, there are no other matters appropriate to the needs of the case to aid in the just, speedy, and less costly disposition of the case.

It is so **ORDERED**, this 2nd day of June, 2010.

_____
Hon. Juliet Griffin, Magistrate Judge

Consented to by:
WARGO & FRENCH LLP


/s/ David M. Pernini
David M. Pernini (*admitted pro hac vice*)
Georgia Bar No. 572399
dpernini@wargofrench.com
J. Scott Carr (*admitted pro hac vice*)
Georgia Bar No. 111892
scarr@wargofrench.com
1170 Peachtree Street, N.E.
Suite 2020
Atlanta, Georgia 30309
(404) 853-1500
(404) 853-1501 (facsimile)

Todd E. Panther (BPR# 14438)
tpanther@tewlawfirm.com
Tune, Entrekin & White
AmSouth Center
315 Deaderick Street
Suite 1700
Nashville, Tennessee 37238
(615) 244-2770
(615) 244-2778 (facsimile)

*Attorneys for Plaintiff and Counter Defendant W.G. Hays & Associates, LLC*

/s/ Jedidiah C. McKeehan
Daniel Scott Hurley (BPR #011001
hurleylaw@bellsouth.net
Jedidiah C. McKeehan (BPR #026473)
jcmlaw@bellsouth.net
The Hurley Law Firm, P.C.
800 South Gay Street
Suite 1501
Knoxville, Tennessee 37929
(865) 523-1414
(865) 546-8121 (facsimile)

*Attorneys for Defendants and Counter Plaintiffs Wires Underground Construction, Inc. and Ernie Wires*


/s/ Jeffrey S. Price
Jeffrey S. Price (BPR #019550)
jprice@manierherod.com
Jarrod W. Stone (BPR #023915)
jstone@manierherod.com
Manier & Herod
150 Fourth Avenue, N
2200 First Union Tower
Nashville, Tennessee 37219-2494
(615) 244-0030

*Attorneys for Defendant Cincinnati Insurance Company*
636128